**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2026 OCT 27 A 11: 04

VERNON JAMES LEFTRIDGE, JR. (Property owner)(Washington D.C. notice of service address);

JUWAN JAMES LEFTRIDGE (custodial child)(Maine address);

J.T.L. (custodial minor-child)(New Jersey address);

J.D.L. (custodial minor-child)(Connecticut address);

R.J.L. (custodial minor-child)(Maryland address),

Plaintiffs,

v.

FAIRLAND MANOR CONDOMINIUM ASSOCIATION; DIANE ROGERS, individually and in her official capacity as Association President; and JOHN/JANE DOE DEFENDANTS 1–10,

Defendants.

Civil Action No.: ____________________

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, AND JURY TRIAL DEMAND**

PROPOSED CLAIMS: Fair Housing Act retaliation, if supported by the underlying facts; New Jersey Condominium (N.J.S.A. 46:8B-1); New Jersey Law Against Discrimination – N.J.S.A. 10:5-1 ET seq.; New Jersey Condominium Act; Maryland Condominium Act and governing-document violations; and related state-law claims, subject to the Court's jurisdiction.

Plaintiff Vernon James Leftridge, Jr., and his above biological custodial children in different U.S. States (Washington D.C., Connecticut, New Jersey, Maine, Maryland) proceeding pro se (hereinafter "Plaintiff" and/or "Plaintiffs"), alleges as follows:

## I. NATURE OF THE ACTION

This civil action concerns alleged interference with Plaintiff's rights as a lawful unit owner of Fairland Manor Condominium, located in Maryland, including his ability to participate in condominium elections, seek election to Association leadership, inspect relevant condominium records, and maintain an accurately administered assessment account.

Plaintiff Vernon James Leftridge, Jr. alleges that he expressed an interest in becoming President of the Fairland Manor Condominium Association, requested election ballots and records, sought the names and official contact addresses of elected Association officers, and requested documentation concerning his assessment payments mailed to Fairland Manor Associations Condominium HOA New Jersey business mailing address.

Plaintiff alleges that he did not receive the condominium election ballot at his designated Washington, D.C., notice-of-service address, despite his ownership of a condominium unit and his assertion that he was in good standing.

Plaintiff further alleges that assessment payments he mailed to the Association's designated New Jersey business post-office box were returned to him. He has requested payment receipts and an accurate accounting of his unit's assessment account.

Plaintiff alleges that Association President Diane Rogers failed to respond adequately to his requests for election records and that Attorney Craig Zaller communicated concerning the dispute, characterized Plaintiff's requests as harassment,

and stated that he did not represent the Association. Plaintiff requests clarification of the authority under which Mr. Zaller communicated the Association's position.

Plaintiff previously submitted protected-class and housing-discrimination complaints concerning the Association. Plaintiff alleges that the timing and circumstances of the alleged election and payment-related conduct raise concerns about retaliation. Plaintiff seeks to establish through admissible evidence whether the challenged conduct was connected to legally protected activity.

Plaintiff has a substantial interest in protecting his ownership rights, the value and lawful administration of his Maryland condominium property, and the preservation of property interests that may contribute to long-term family and generational wealth.

Plaintiff acknowledges that the condominium, the Association's alleged conduct, and the principal property-related events are located in Maryland. Plaintiff requests adjudication in this District only if a legally sufficient basis for federal subject-matter jurisdiction, personal jurisdiction, and venue can be established.

## II. PARTIES

Plaintiff Vernon James Leftridge, Jr. and his custodial biological children are property unit owners of Fairland Manor Condominium in Maryland. Plaintiff uses a Washington, D.C., notice-of-service address and asserts an additional residential connection to New Jersey. Plaintiff custodial biological children have an invested interest also in the property of Fairland Manor Condominium in Maryland. Their citizenship, domicile, and property interests will be stated accurately in the civil cover sheet and jurisdictional allegations.

Defendant Fairland Manor Condominium Association who has ties and assessment financial business mailing address in State of New Jersey is the condominium governing association responsible for administering condominium affairs, maintaining applicable books and records, collecting assessments, and conducting or overseeing elections as provided by Maryland law and its governing documents. Its precise legal name, organizational status, principal place of business, and citizenship must be established before filing.

Defendant Diane Rogers is alleged to be President of the Association. She is sued individually only to the extent she personally participated in actionable conduct, and in her official capacity to the extent such a capacity is legally applicable. Her citizenship and the extent of her participation in the events alleged must be established.

John/Jane Doe Defendants 1–10 are persons whose identities and respective roles, if any, in ballot distribution, assessment processing, election administration, recordkeeping, or the challenged decisions are presently unknown. Plaintiff will seek leave to amend if discovery identifies individuals against whom legally supportable claims exist.

Attorney Craig Zaller is not named as a defendant in this proposed complaint solely because he communicated with Plaintiff and alleged that he no longer represents Fairland Manor Condo Association, HOA President Diane Rogers or HOA elected Board Members. Plaintiff reserves any decision concerning claims against counsel until evidence establishes an independent legal basis for liability beyond ordinary legal representation or advocacy.

## III. JURISDICTION AND VENUE

The federal subject-matter jurisdiction and venue: 28 U.S.C. §§ 1331 and 1367, and 28 U.S.C. § 1991, housing discrimination under the Federal Fair Housing Act, New Jersey's Law Against Discrimination and federal-question jurisdiction under 28 U.S.C. § 1331, which Plaintiffs have plead facts establishing a viable claim under the Fair Housing Act, including 42 U.S.C. § 3617. The existence of a condominium dispute, a New Jersey assessment business mailing address, or a claimed property interest does not itself create federal jurisdiction.

Section 3617 prohibits interference, coercion, intimidation, or threats against a person in connection with rights protected by specified provisions of the Fair Housing Act. A claim requires facts connecting the challenged conduct to rights protected by that Act; an ordinary condominium election, records, or assessment dispute does not automatically qualify.

Plaintiffs allege that Vernon James Leftridge, Jr. filed protected-class housing-discrimination complaints with New Jersey and that subsequent Association conduct may have interfered with the exercise of protected housing rights. Plaintiff will identify the particular in this complaint, discovery, the protected rights involved, Defendants' notice, the allegedly adverse conduct, and facts supporting causation.

Plaintiff does not rely on 42 U.S.C. § 1983 as a basis for liability against a private condominium association or its officers. Any such claim would require facts establishing action under color of state law and a violation of a federal right, and the present allegations do not establish those elements.

Plaintiff does also presently rely on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff biological children reside in different U.S. States: State of Maine, Maryland, Connecticut, and Washington D.C. which diversity jurisdiction applies. Diversity jurisdiction requires complete diversity of citizenship among all opposing parties and an amount in controversy exceeding $75,000, exclusive of interest and costs which this federal civil case controversy exceeds $75,000. Plaintiff youngest son New Jersey residence, a second residence, mailing address, or property connection does not by itself establish domicile or citizenship, and the citizenship of the Association and all individual defendants must be determined.

The Maryland Condominium Act, Maryland governing documents, and related state-law claims do not independently support federal-question jurisdiction. Such claims could be heard in federal court only if an independent basis for original jurisdiction exists and supplemental jurisdiction is appropriate under 28 U.S.C. § 1367.

Plaintiffs allege that the Association uses a New Jersey post-office box for assessment payments and that Plaintiff has a residential connection to New Jersey. These facts may be relevant to personal jurisdiction or venue only if supported by evidence showing legally sufficient contacts connected to the claims. A post-office box, mailing address, family wealth interest, or residential connection does not alone establish personal jurisdiction.

Venue in this District is proper under 28 U.S.C. § 1391 only if a substantial part of the events or omissions giving rise to a viable claim occurred in New Jersey, or if another statutory basis applies. On the present allegations, the condominium is located in Maryland and the principal alleged conduct concerns Maryland property, Association

governance, records, elections, and assessments. Those facts weigh against venue in New Jersey unless Plaintiff can identify substantial claim-related events that actually occurred here.

Maryland appears to be the more appropriate federal forum because the property is located there, the governing law is principally Maryland law, the Association's records and witnesses are located in both New Jersey and Maryland and most likely recorded at a law firm in Maryland, and the alleged election and assessment conduct concerns a Maryland condominium. If a viable federal claim exists but venue is improper or substantially less convenient in New Jersey, Plaintiff should consider filing in the United States District Court for the District of Maryland or requesting transfer under 28 U.S.C. §§ 1404(a) or 1406(a), as applicable. If the Court lacks subject-matter jurisdiction, transfer is available only where authorized by law; otherwise dismissal may be required.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's ownership and interest in Association governance

Plaintiff owns a condominium unit at Fairland Manor and asserts that he has maintained good standing under the applicable governing documents and Maryland law.

Plaintiff expressed an interest in becoming President of the Association and sought information about the election procedures, ballot distribution, voting eligibility, and records identifying the individuals elected to Association leadership.

Plaintiff alleges that he was not provided an election ballot at his designated Washington, D.C., notice-of-service address.

Plaintiff seeks to determine whether the Association maintained his correct mailing address, included his unit on the applicable voter roster, distributed ballots

consistently, and applied the same eligibility requirements to similarly situated unit owners.

Plaintiff does not ask the Court to assume that nonreceipt necessarily proves intentional suppression. He requests examination of the Association's records and the circumstances surrounding the missing ballot.

**B. Requests for election records**

Plaintiff requested election records and the names and official Association addresses of persons elected to Association officer and governing-board positions from January 1, 2023, through September 30, 2026.

Plaintiff sought relevant election notices, results, meeting minutes, election-administration information, and records establishing his voting eligibility.

Plaintiff alleges that Diane Rogers did not adequately respond to these requests and that the matter was referred to Attorney Craig Zaller.

Plaintiff alleges that Zaller communicated that the Association had responded to his request by email rather than by mail, while also stating that he did not represent the Association.

Plaintiff further alleges that Zaller characterized Plaintiff's requests as harassment. Plaintiff disputes that characterization and maintains that his requests concerned legitimate property-owner interests in election participation and condominium records.

Plaintiff requests disclosure of the Association's records concerning the handling of these requests, subject to applicable statutory exceptions, confidentiality protections, and lawful redactions.

### C. Assessment payments and returned mail

Plaintiff alleges that he mailed monthly condominium assessment payments via USAA Federal Bank certified checks to the defendants New Jersey post-office box designated for Association payments.

Plaintiff alleges that payments were returned to him and that he has not consistently received receipts or adequate confirmation concerning the status of his assessment account.

Plaintiff seeks an accounting that identifies all assessments, payments received, payments rejected or returned, credits, late charges, interest, outstanding balances, and the reasons for any rejected payment.

Plaintiff requests identification of the currently authorized payment address and methods, together with the records showing whether any alleged delinquency was used to restrict his voting eligibility.

Plaintiff alleges that the returned payments and missing receipts create a legitimate concern that his account could be inaccurately characterized as delinquent. He requests a determination based on the actual payment history rather than an unsupported assumption concerning his account status.

Plaintiff does not allege that a returned payment necessarily establishes intentional misconduct. The reason for each return, the Association's payment instructions, and the resulting account entries are matters requiring documentary examination.

**D. Alleged retaliation and protected housing complaints**

Plaintiff previously filed complaints alleging protected-class discrimination concerning the Association. The dates, contents, protected basis, recipients, and acknowledgment of those complaints should be identified in the accompanying exhibits.

Plaintiff alleges that the Association and its representatives were aware, or may have been aware, of those complaints before or during the disputed election and payment events.

Plaintiff alleges that the failure to provide a ballot, the handling of his requests for records, and the treatment of his assessment payments occurred under circumstances that warrant investigation into possible retaliation.

Plaintiff seeks to establish whether the conduct was motivated by his protected housing activity, whether the conduct interfered with rights protected by federal law, and whether any explanation offered by Defendants is supported by contemporaneous records.

Plaintiff recognizes that disagreement with an HOA, an unsuccessful request for records, or a missing ballot does not by itself prove unlawful discrimination or retaliation. He seeks relief only to the extent the evidence establishes the elements of a recognized legal claim.

**E. Property interests and New Jersey connections**

Plaintiff has a continuing ownership interest in Fairland Manor and seeks to protect the lawful administration, value, and transferability of his property interests.

Plaintiff asserts that his family has a long-term generational wealth interest associated with the property. He seeks to preserve the property's value and ensure that condominium governance does not unlawfully impair his ownership rights.

Plaintiff also asserts a New Jersey residential connection and identifies the Association's New Jersey assessment-payment address as a possible connection between the disputed transactions and this forum.

Plaintiff requests a determination of the actual nature of the Association's New Jersey operations, including whether the payment address is merely a remittance box or is connected to substantive business activities in New Jersey.

Plaintiff does not contend that a family wealth interest creates a separate federal cause of action or that a payment address alone proves jurisdiction. These facts are included to identify the property interests and jurisdictional questions requiring accurate resolution.

## V. CLAIMS FOR RELIEF

### COUNT I — Fair Housing Act retaliation and interference

### 42 U.S.C. § 3617 — supported by specific facts

**Plaintiff incorporates paragraphs 1–49.**

Plaintiff alleges that he engaged in protected activity by submitting housing-discrimination complaints concerning rights protected by the Fair Housing Act.

Plaintiff alleges that the relevant Defendants knew of that protected activity before taking the challenged actions.

Plaintiff alleges that the withholding or nonprovision of election materials, the handling of his requests, or other adverse conduct may have been connected to his protected activity.

Plaintiff requests a determination whether the challenged conduct constituted unlawful interference, coercion, intimidation, or retaliation within the scope of 42 U.S.C. § 3617.

Plaintiff seeks relief under the Fair Housing Act only to the extent he can establish that his underlying complaints concerned rights protected by the Act, that the conduct falls within the statute, and that the required causal connection exists.

**COUNT II — Maryland Condominium Act and governing-document violations**

Maryland Real Property §§ 11-109 and 11-116, and applicable declaration/bylaws

Plaintiff incorporates paragraphs 1–49.

Maryland Real Property § 11-109 addresses condominium governance, unit-owner voting, and other responsibilities of the council of unit owners, subject to the applicable statutory provisions and governing documents.

Maryland Real Property § 11-116 addresses condominium books and records, accounting practices, and inspection rights, subject to its specific terms and exceptions.

Plaintiff alleges that the Association failed to provide adequate information concerning his ballot, election eligibility, assessment account, and requested election records.

Plaintiff requests a determination of the Association's obligations under the applicable statutory provisions and governing documents, including whether the records

sought are subject to inspection and whether any election procedures were improperly administered.

Plaintiff seeks relief under Maryland law only to the extent the cited provisions or governing documents provide an enforceable right and an available remedy. Plaintiff acknowledges that a federal court may decline to exercise supplemental jurisdiction over state-law claims if no claim within its original jurisdiction remains.

**COUNT III — New Jersey Law Against Discrimination –N.J.S.A. 10:5-1 et seq. as amended thru New Jersey Condominium Act, N.J.S.A. 46:8B-21 et seq. as amended, and assessment and governing-document violations**

**New Jersey Real Property §§ any and all applicable laws, and applicable declaration/bylaws**

Plaintiff incorporates paragraphs 1–49.

N.J.S.A. § 46:8B-1 as amended addresses Association's (hereinafter "Association" and/or "HOA" and/or "Association's") responsibility for administering and managing the condominium, condominium governance, unit-owner voting, and other responsibilities of the council of unit owners, subject to the applicable statutory provisions and governing documents.

N.J.S.A. § 46:8-13 as amended addresses Association Bylaws, board structure, officers duties, and governance procedures; includes requirements for open board meetings in specified circumstances.

N.J.S.A. § 46:8-14 as amended addresses Association duties, including assessments, collections, authorized late fees, rules, financial accounting records, condominium books and records, accounting practices, and inspection rights, subject to its specific terms and exceptions.

N.J.S.A. § 46:8-15 as amended addresses Association's legal powers, including entering contracts and suing or being sued, subject to the governing documents and applicable law.

N.J.S.A. § 46:8-17 as amended addresses Association liabilities and indemnification provisions.

N.J.S.A. § 46:8-21 as amended addresses Association's Condominium liens for unpaid assessments and related statutory requirements.

Plaintiff alleges that the Association failed to provide adequate information concerning his ballot, election eligibility, assessment account, and requested election records.

Plaintiff requests a determination of the Association's obligations under the applicable statutory provisions and governing documents, including whether the records sought are subject to inspection and whether any election procedures were improperly administered.

Plaintiff seeks relief under New Jersey law only to the extent the cited provisions or governing documents provide an enforceable right and an available remedy. Plaintiff acknowledges that a federal court may decline to exercise supplemental jurisdiction over state-law claims if no claim within its original jurisdiction remains.

**COUNT IV — Declaratory relief**

**28 U.S.C. §§ 2201–2202, where jurisdiction independently exists**

Plaintiff incorporates paragraphs 1–61.

An actual controversy exists, or may exist upon confirmation of the relevant facts, concerning Plaintiff's voting eligibility, access to condominium records, assessment-account status, and the Association's obligations.

Plaintiff requests a declaration of the parties' respective rights and obligations under the applicable law and governing documents, but only if an independent basis for federal jurisdiction exists.

**COUNT V — Injunctive relief**

Plaintiff incorporates paragraphs 1–64.

Plaintiff requests prospective relief necessary to prevent a continuing violation of an established legal right, including correction of inaccurate records, lawful access to qualifying documents, and fair administration of future elections.

Plaintiff recognizes that injunctive relief requires proof of the applicable legal elements, including a likelihood of irreparable harm where required. A past dispute alone does not automatically justify an injunction.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court, if it has jurisdiction over both supplemental New Jersey and Maryland claims together and upon proof of the relevant claims:

A. Declare the parties' rights and obligations concerning Plaintiff's voting eligibility, access to qualifying condominium records, and assessment-account administration;

B. Order production or inspection of nonexempt election records, relevant minutes, ballot-distribution records, voting-eligibility records, and the assessment ledger for Plaintiff's unit, as permitted by applicable law;

C. Require correction of demonstrably inaccurate assessment-account entries and confirmation of the authorized payment procedures, if warranted by the evidence;

D. If a violation of applicable law is established, order appropriate prospective relief to ensure that future condominium elections are administered lawfully and that eligible unit owners are treated consistently;

E. If a federal Fair Housing Act violation is established, award such actual damages, equitable relief, and other remedies as the statute authorizes;

F. Award any state-law damages or other remedies that are legally available, adequately pleaded, and supported by evidence;

G. Award allowable costs and attorney's fees only to the extent authorized by applicable law; and

H. Grant such other relief as the Court deems just and proper within its jurisdiction.

## VII. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable under applicable law.

Respectfully submitted,

VERNON JAMES LEFTRIDGE, JR.

Plaintiffs, Pro Se

And on behalf of all his custodial biological children named in this federal complaint

Mailing Address: 1032 15th Street, NW, Unit No. 206, Washington, D.C. 20005

Telephone: (240)707-7243

Email: Leftridgev@yahoo.com

Date: 10/16/2026

Signature: Vernon Leftridge

CERTIFIED MAIL

9589 0710 5270 4384 5200 07

Vernon J. Leftridge, Jr.
1032 15th Street NW
Unit No. 206
Washington, DC 20005

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 OCT 27 A 11: 04

Retail

UNITED STATES POSTAL SERVICE

07102

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
WASHINGTON, DC 2000
OCT 21, 2026

$9.27

S2322T501215-33

United States District Court
for the District of New Jersey
Martin Luther King Building &
U.S. Courthouse
50 Walnut Street
Newark, NJ 07102